| | |
|---|---|
| WENDY FARRIOR individually, and on behalf of:<br>Madison Bowen<br>Arya Murguia<br>Patrice Benjamin<br>Kendall Farrior<br>Stephanie Pages<br>Nicole Emery<br>Venkita Waddell<br>Jessica Smith<br>Krishanta Jones<br>Briahna Comartie<br>Sharon Bellamy<br>Denisha Simmons<br>Kelly Lantz<br>Heather Hinson<br>Angel Grant<br>And all others similarly situated, ,<br>               Plaintiff,<br><br>           v.<br>Tony Stroud, Dail Ballard, and Children's Learning Center II of Wilmington, Inc.,<br><br>               Defendants. | **JURY TRIAL DEMANDED**<br>**COLLECTIVE ACTION COMPLAINT** |

COMES NOW Plaintiff, Wendy Farrior ("Plaintiff"), on behalf of and all others similarly situated, by and through undersigned counsel, and files this Complaint as follows:

1. Plaintiff brings this action, on behalf of herself and other similarly situated as lead collective action representative, to recover unpaid wages, compensatory damages, liquidated damages, and attorneys' fees from Defendants, Children's Learning Center II of Wilmington, Inc.

and Dail Ballard and Anthony Stroud (collectively, "Defendants"), for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., for violations of the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-2.1 et seq, and for breach of contract.

2. Madison Bowen, Arya Murguia, Patrice Benjamin, Kendall Farrior, Stephanie Pages, Nicole Emery, Venkita Waddell, Jessica Smith, Krishanta Jones, Briahna Comartie, Sharon Bellamy, Denisha Simmons, Kelly Lantz, Heather Hinson, Angel Grant are day care workers and collective action Plaintiffs seeking to recover unpaid wages, compensatory damages, liquidated damages, and attorneys' fees from Defendants, Children's Learning Center II of Wilmington, Inc. and Dail Ballard and Anthony Stroud (collectively, "Defendants"), for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., for violations of the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-2.1 et seq, and breach of contract.

**NATURE OF ACTION**

1. Plaintiff alleges on behalf of herself and all others similarly situated and former non-exempt hourly employees of Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that Defendants violated the FLSA by failing to pay minimum wage and overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201 et seq., specifically 29 U.S.C. §§ 207, 216(b).

**THE PARTIES**

2. Plaintiff is an adult individual who is a resident of New Hanover County, North Carolina, and worked as a non-exempt hourly employee for Defendants from 2004 to 2021 as a child caretaker.

3. Defendant, Children's Learning Center II of Wilmington, Inc. ("CLC II") is a North Carolina corporation, which operated a day care center for children. CLC II's principal place of business is registered with the North Carolina Secretary of State at 3811 Peachtree Avenue, in Wilmington, North Carolina 28403.

4. Defendant, Anthony Stroud ("Stroud"), is the President of, and co-owns and operates, CLC II. Upon information and belief, Stroud allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for CLC II.

5. Defendant, Dail Ballard ("Ballard"), is the Vice-President of, and co-owns and operates, CLC II. Upon information and belief, Ballard allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for CLC II.

6. Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

7. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal, and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-

Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

8. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff and the Collective Action Members to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

9. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff an the Collective Action Members.

10. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

11. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Stroud and Ballard made all decisions on a daily basis regarding pay policies and exerted financial and operative control over CLC II and are therefore individually liable under the FLSA and the NCWHA.

**JURISDICTION AND VENUE**

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA. 29 U.S.C. § 201 et. seq.

13. Defendants' principal place of business as registered with the North Carolina Secretary of State is listed as, 3811 Peachtree Avenue, in Wilmington, North Carolina 28403 and is situated in this District.

14. The claims for violations of the NCWHA as well as the claims for breach of contract are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim. Plaintiffs remaining claims are based on the common law of North Carolina.

15. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

Coverage Allegations

16. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)(l), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in interstate commerce or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of

sales made or business done of not less than $500,000 ( exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20. 20. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206- 207.

21. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

22. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat.§§ 95-25.2(4).

## STATEMENT OF FACTS

23. Defendants own and operate a day care facility that cares for children ranging in age from six weeks to five years old.

24. Defendants employ general laborers, who are non-exempt employees and are paid an hourly rate.

25. Plaintiff was employed by Defendants as a non-exempt hourly employee from 2004 through 2021 in Wilmington, North Carolina. Her job duties included caring for the children by feeding them, changing diapers, and entertaining them through play and planned activities.

26. Plaintiff and other similarly situated employees performed similar job duties and were compensated pursuant to centralized pay policies and were subjected to similar pay practices while employed as non-exempt hourly employees for Defendant and are "employees" subject to the protections of the FLSA 29 U.S.C. §§ 203(e) & 207(a).

27. Throughout the duration of her employment with the Defendant, Plaintiff received bi-weekly paychecks from Defendants that did not properly record or compensate her for all the hours that she worked.

28. When Plaintiff worked over forty (40) hours per week, Defendants altered Plaintiff's paystubs to reflect no overtime wages. Plaintiffs pay stubs consistently reflected a flat fee pay equal to the product of Plaintiffs hours that week multiplied by his regular hourly wage.

29. Plaintiff was told by Defendants that CLC II would pay all overtime due to employees by September 10, 2021.

30. Defendants willfully and wantonly failed to pay Plaintiff the required statutory overtime compensation for every hour worked over forty (40) hours per week.

31. Plaintiff's paystubs did not reflect every hour worked. Defendants failed to pay Plaintiff the required statutory minimum wage for every hour worked.

32. Defendants' deductions violated the FLSA and the NCWHA because Plaintiff was not paid at least the minimum wage for the hours worked or paid as promised.

33. Defendants' policies and practices with respect to the payment of hourly wages earned, were a breach of its promises to employees, violated the wage provisions of the FLSA and NCWHA, and deprived Plaintiffs of the lawful wages to which she was entitled.

34. At all relevant times, Defendants knew that Plaintiff was not being paid minimum wage for every hour worked, thereby willfully violating the FLSA and NCWHA.

35. Defendants benefitted from their unlawful failure to pay Plaintiff minimum wages and commissions to which she was entitled, because Defendants reaped more profit from the deceptive scheme.

36. On or about March 12, 2021, Plaintiffs' Emery and Lantz Payroll statement showed 367.86 hours and 382.63 hours of Paid Time Off ("PTO") respectively. On or about March 26, 2021, upon information and belief, Defendant removed PTO from Plaintiffs' payroll statement.

Collective Action Allegations

37. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

38. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his First Count on behalf of herself, individually, and all other similarly situated employees who work or have worked for Defendants as non-exempt hourly employees, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of October 29, 2018, to the filing of this Complaint in this action, who elect to opt-in to this action ("Opt-in Plaintiffs).

39. The FLSA § 2 1 6(b) collective action class is properly defined as: All current and former employees of Defendants, nationwide, who work or have worked for Defendants as a non-exempt hourly employee, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of October 29, 2018, to the filing of this Complaint in this action.

40. Consistent with Defendants' policy and pattern or practice, Plaintiff has not been paid overtime wages earned for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond 40 per workweek.

41. All of the work that Plaintiff and Opt-in and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs.  have

performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

42. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs.

43. The statute of limitations for unpaid overtime compensation in two years. However, 29 USCS § 255(a) asserts a three year statute of limitations for unpaid overtime compensation if the cause of action arose out of a willful violation. Here, the employee handbook which was created by the Defendants stated that employees were owed overtime. Furthermore, Defendants acknowledges that the Plaintiffs were paid overtime and agreed to pay this amount in full by September 1 0, 2021 but willfully refused to do so. Taken together these facts show Defendant's failure to pay overtime was willful and the three year statute of limitation should apply to this action.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

45. There are many similarly situated current and former hourly employees of Defendants' who have been denied minimum wages and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. §216(b).

46. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

47. Plaintiff requests that she be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## COUNT I
### (Violation of Fair Labor Standards Act- Failure to Pay Minimum Wage and Overtime)
### (Collective Action)

48. Plaintiff reasserts the allegations set forth in the above paragraphs.

49. Count I arises from Defendants' violation of the FLSA, for their failure to pay an overtime premium for all hours worked exceeding 40 per week.

50. Defendants violated the FLSA by not paying Plaintiffs and all similarly situated employees and former employees for every hour that he or she worked.

## COUNT II
### (Violations of North Carolina Wage and Hour Act - Overtime)

51. Plaintiff reasserts the allegations set forth in the above paragraphs.

52. Count II arises from Defendants' policy and practice of suffering or permitting Plaintiff and others similarly situated to work in excess of forty hours per week without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat.§§ 95-25.6, 95-25.7 and 95-25.13.

53. Defendants violated these statutes by failing to pay Plaintiff and all similarly situated hourly employees and former employees overtime compensation for hours worked in excess of forty hours each week they worked.

54. Plaintiff and all others similarly situated were entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Plaintiff's overtime was in violation of the NCWHA.

55. Defendants willfully and with reckless disregard violated Plaintiff's and other similarly situated employees' and former employee's rights under the NCWHA.

56. As a result of Defendants' willful action, Plaintiffs and similarly situated employees and former employees are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

57. Plaintiffs and all similarly situated employees and former employees are entitled to recover attorneys' fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

## COUNT III
### (Breach of Contract)

58. All prior paragraphs and allegations contained in this pleading are incorporated by reference as if fully set forth herein.

59. Plaintiffs and Defendants entered a contract as Employer-Employee the terms of which are dictated by the Employee Handbook. Plaintiffs agreed to work as caregivers for Defendants, and in return Defendants agreed to provide Plaintiffs with monetary compensation, overtime pay, and PTO. The terms of this employment agreement were codified and contained in the "Employee Handbook". According to the CLC II Employee Handbook the Children's Learning Center offers paid time off for all full-time employees. Each full-time employee earns 3.05 hours for every 80 hours worked.

60. Plaintiffs tendered the agreed upon labor, fulfilling their obligation under the agreement.

61. Defendant has breached contract with Plaintiff by failing to pay Plaintiffs Lantz and Emery PTO.

62. Defendant is justly indebted to Plaintiffs for damages as a result of their breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees and former employees demand and pray for:

a) An Order pursuant to Section l 6(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and all similarly situated employees and former employees and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

c) An Order awarding compensatory damages in an amount to be proven at trial;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted this the 3rd day of November, 2021.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

By: /s/ Andrew Hanley
    Andrew Hanley
    NC State Bar No.: 23738
    Nathanial Ulmer
    NC State Bar No.:
    5002 Randall Parkway
    Wilmington, NC 28403
    Telephone: (910) 762-9711
    Facsimile: (910) 256-0310